**United States District Court**
**For the Northern District of California**

| | |
|---|---|
| DONALD COLLIER, | No. C 13-755 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE** |
| v. | |
| VALLEJO POLICE DEPARTMENT, *et al.*, | |
| Defendants. | |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

Defendants' motion to dismiss the complaint, or alternatively to transfer venue, is scheduled for a hearing on May 3, 2013. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court GRANTS defendants' motion to transfer venue to the Eastern District of California.

**BACKGROUND**

Plaintiff Donald Collier, who is acting *pro se*, filed this lawsuit on February 20, 2013. The complaint names as defendants the following entities: the Vallejo Police Department, Sutter Solano Hospital, the Vallejo Social Security Administration office, the Solano County Sheriff's Department, and the City of Vallejo. The complaint lists plaintiff's address as located in Vallejo, California. Vallejo is located in Solano County. All of the defendants are located in Solano County, and Solano County is within the jurisdiction of the Eastern District of California.

Although somewhat unclear, it appears that the complaint alleges that defendants retaliated

against plaintiff after plaintiff initiated lawsuits on behalf of a third party, Fran Wilson. The complaint alleges "City and County Officials conspired after a settlement was reached in Fran Wilson's claim against the City of Vallejo for personal injuries, in which the Plaintiff initiated on Ms. Wilson's behalf. Subsequently, the plaintiff was subject to discrimination by the City of Vallejo through prior litigations regarding Ms. Wilson's claim, for which racial profiling was used as a method in which discrimination was exhibited, specifically from Vallejo Water Company, in addition to Vallejo Transit." Compl. at p. 2.[1]

## DISCUSSION

Defendants City of Vallejo and the Vallejo Police Department have moved to dismiss the complaint for failure to state a claim, and alternatively to transfer based on improper venue. In general, venue is covered by 28 U.S.C. § 1391. Under 29 U.S.C. 1391(b), where federal subject matter jurisdiction is not based solely on diversity of citizenship, venue is proper in the following districts: (1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a "substantial part of the events or omissions" giving rise to the claim occurred, or a "substantial part of the property" that is the subject of the action is situated; or (3) if there is no district in which the action may otherwise be brought, a judicial district in which any defendant may be found. 28 U.S.C. § 1391(b). Plaintiff has the burden of establishing that venue is proper. *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).

Here, all of the defendants (and plaintiff) reside in the Eastern District of California, and a "substantial part of the events or omissions" giving rise to plaintiff's claims occurred in that district. Indeed, from the face of the complaint it does not appear that any of the events or omissions giving rise

---

[1] The complaint references previous lawsuits filed by plaintiff against these defendants in both the Northern District of California and the Eastern District of California. In 2012, plaintiff filed a lawsuit against the Vallejo Water Company, the City of Vallejo, the County of Solano, and the Vallejo Transit Bus Company, *Collier v. Vallejo Water Company*, C 12-1635 SI. After a Magistrate Judge of this court granted plaintiff's application to proceed in forma pauperis, the case was reassigned to the undersigned judge. The Vallejo defendants moved to dismiss the complaint, and alternatively to transfer based on improper venue. After plaintiff failed to respond to the motion, the Court issued an order to show cause why the case should not be dismissed for failure to prosecute. Plaintiff did not file a timely response to that order, and on October 1, 2012, the Court dismissed the case without prejudice for failure to prosecute. The current lawsuit was reassigned to this Court because it is related to the 2012 lawsuit.

to plaintiff's claims occurred in the Northern District of California. Plaintiff's opposition to defendants' motion does not set forth any facts or argument regarding why venue would be proper in the Northern District of California.

Accordingly, in light of plaintiff's *pro se* status, the Court finds that dismissal is not appropriate and exercises its discretion and TRANSFERS this case to the Eastern District of California. Based upon the record before the court, it appears that this lawsuit may be related to prior lawsuits filed by plaintiff in the Eastern District of California.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to transfer venue. Docket No. 14.

**IT IS SO ORDERED.**

Dated: April 30, 2013

SUSAN ILLSTON
United States District Judge